### McCasky v. School District No. 1, in Centre Township Cedar County.

Where the inhabitants of a school district levied a tax upon themselves, and sufficient had been collected for the purpose of paying a teacher a balance his due, for which he had an order on the treasurer, and the officers of the district refused to pay the order after a proper demand, it was held that the teacher might recover, in an action upon the order, against the district.

### *Error to Cedar District Court.*

*Opinion by* WILLIAMS, C. J. McCasky the plaintiff below sued school district No. one (1) of Centre township Cedar county. He commenced his action before a justice of the peace in assumpsit, on the following order:

No. 12.                    Tipton, Cedar County, Iowa, }
                                   March 10th, 1847.        }

The assessor of school district No. one, of the township of Centre, in the county of Cedar, and state of Iowa, will pay Reuben McCasky or order, the sum of twenty five dollars for services as school teacher in said district, being the balance due him this day on settlement, out of any funds in the treasury not otherwise appropriated.

Wm. H. Tuthill,<br>Moderator of said district.

Attest:   J. G. Gillitt, Director.

McCasky *v.* School District No. 1, &c.

On the 16th of March 1850, the cause was tried by a justice of the peace, and judgment rendered for the plaintiff for twenty five dollars and costs. An appeal was taken by the defendant, at the April term of the district court for Cedar county. The cause was tried on the appeal, and a verdict and judgment obtained for the defendant, with costs of suit. It appears by the bill of exceptions, that on the trial in the district court, the following facts were proven. "That the directors of the school district in October 1846, contracted with the plaintiff to teach a district school, in said district. That he did teach, and after fulfilling the contract, he settled with the directors, and received from them thereon thirty five dollars being the amount of money belonging to said district for that year, leaving a balance due to him, of twenty five dollars. That the defendants issued their order on the assessor of the district for the balance of twenty five dollars, being the same of which a copy is above given. That the inhabitants of the district levied a tax to pay the indebtedness of the district to the plaintiff for which the order was given. That plaintiff had demanded the money called for by the order of the proper officer of the district. That payment had been refused out of a tax raised as a fund in 1849, on the ground that there was no money in the treasury at the time, notwithstanding more than sufficient had been in the hands of the officers of the district from time to time to pay the plaintiff's order, and paid to the treasurer, from the assessment of the tax laid in the district." These facts being in evidence, the counsel for the plaintiff asked the court to charge the jury. "That if the jury believe that the inhabitants of the district levied a tax upon themselves for the purpose of paying the claim on which this suit is brought, and a tax sufficient was collected, and in the hands of the treasurer, or the proper officer, arising from said assessment, and the officers of the district refused to pay it over or liquidate this claim that the said plaintiff can recover in this action, provided he has made the proper demand, and payment was refus-

ed." This instruction was refused. Before the cause was finally submitted to the jury the judge gave general instruction as follows: "If the jury believe from the evidence, that McCasky was employed under the act of 1846, and that he was paid by the officers, all of the teachers' fund which was in the treasury for that year, and that this order was given to McCasky for the balance; the law requires this balance of McCasky to be paid thus; the deficit is to be assessed upon the parents or guardians of the children in proportion to the length of time they shall have severally attended school during the term when such deficiency arose; and before McCasky can maintain a suit of any kind, on this order, the money must have been collected, and paid by the collector into the school district treasury. Their is no other law than the act of 1846, which provides for the payment of this teacher's salary, and it matters not if other moneys have been collected and expended in the school district, in pursuance of other acts of the legislature, they do not affect the case of the plaintiff and he cannot recover except under the act of 1846."

The law and the facts upon which the judgment of the district court is founded, being here presented, we will now proceed to consider them in order to final adjudication of the points raised.

The contract sued on is valid, having been made by the officers of the school district with McCasky, by authority of law, on the 10th of March, 1847. The services for the payment of which the order was given, had been rendered to the district by McCasky, between the month of October, 1846, and the time of the date of the order, March 10th, 1847. The fund for that year, lacked twenty five dollars of being sufficient to pay plaintiff's demand for teaching. For this the order was drawn on the treasury. On the 2d day of June, 1849, there was a school district meeting legally called, and held for the purpose of voting a tax to pay the debt due to McCasky and another. The tax was voted, raised, and paid into the district treasury. Here then, the fact is established of record in the case,

that the school district in 1849, was legally in possession of the fund, specially raised by the parents or guardians of the children, or the legal voters of the district, to pay the amount of McCasky's order, which had been previously given; payment of which had been demanded. The whole transaction seems to have been conducted by the school district officers *as such*, in reference to the provision of the statute, which is as follows: "*Sec.* 5. That whenever the amount of money *received* by any school district, from the fund created by this act, shall be insufficient to pay for the services of the teacher, the deficit shall be assessed upon the parents or guardians of the children, in proportion to the length of time they shall, severally, have attended school during the term when such deficiency shall have arisen." Laws of 1846.

The 8th section of this act, expressly repeals the third article of the eighteenth section of the act of 1840. The repealed section is different from that in force, only in this, that the former relates to "the money *voted together with the apportionment*," and the latter, "to the amount of money *received by any school district*." Otherwise they are substantially the same. So far then, as the school district officers acted in the matter, we find nothing to have been done by them, which was not in substantial conformity with the provisions of the act of 1846; and the final and general instruction of the judge so far as it applies to the case, as affected by the statute is well enough. But it was error to refuse to give the instruction asked for by the plaintiff's counsel, as above stated. This special instruction should have been given. By the giving of the order, the raising and reception of the tax fund for the special purpose of paying McCasky, the school district officers acted within their proper sphere, so as to establish a liability on the part of the district to appropriate the fund for the purpose intended, which was to pay the amount due to McCasky on the order. It was the duty of the district under the provisions of the law, to provide the fund necessary to pay the teacher for services rendered in vir-

tue of the contract made with him, by its proper officers. They were the persons on whom rested the responsibility of judging of the time for which the teacher should be employed, and of the sufficiency of the fund to pay him for his services. We cannot see why the district should be released from the contract thus made by its officers, when the benefit thereof had been received by it, and the whole matter fully recognized by the parties, as *bona fide* and official. A different view of this case, we think, would work great mischief, and thwart the intention of the law, by enabling the school district officers to neglect or decline carrying out its provisions in reference to the procurement of the means to pay teachers, who might render like service, confiding in such officers for the faithful performance of their duty in accordance with their contract.

Judgment reversed.

*John P. Cook*, for plaintiff in error.

*S. A. Bissell*, for defendant.